NEIL PEDERSEN, SBN 139262
*npedersen@pedersenlaw.com*
JAMIE GOTTSCHALK-HALL, SBN 231341
*jghall@pedersenlaw.com*
**PEDERSEN LAW**
**A PROFESSIONAL LAW CORPORATION**
17910 Sky Park Circle, Suite 105
Irvine, California 92614
Telephone: (949) 260-1181
Facsimile: (949) 260-1185


Attorney for JUANA M. DURAN

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT-EASTERN DIVISION

JUANA M. DURAN, an individual,

                                    Plaintiff,

        vs.

LOMA LINDA UNIVERSITY SHARED
SERVICES, a California Nonprofit Religious
Corporation, and DOES 1-50 inclusive,

                                    Defendants

Case Number:

**COMPLAINT FOR:**

1. **VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT ("ADA") 42 U.S.C. 12101 ET SEQ.**

2. **FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT ("ADA") 42 U.S.C. 12101 ET SEQ.**

**[JURY DEMAND]**

## GENERAL ALLEGATIONS

### The Parties and Venue.

1.      Plaintiff, JUANA M. DURAN ("DURAN" or "Plaintiff") is and, at all relevant times was, a citizen and resident of the State of California, County of San Bernardino.

2.      Plaintiff worked for Defendant LOMA LINDA UNIVERSITY SHARED SERVICES ("LOMA LINDA" or "Defendant").  Plaintiff is informed and believes and thereon alleges that LOMA LINDA is and was a California Nonprofit Religious Corporation and is incorporated in

California, with its company headquarters located at 11175 Campus Street, Suite 11006, Loma Linda, CA 92354.  Defendant's illegal actions have violated federal statutes. As such, Plaintiff DURAN brings this action in the United States District Court of the Central District Eastern Division.

**Subject Matter and Personal Jurisdiction.**

3.     This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in light of federal questions arising under the following federal statute sued upon: (1) Title I of the Americans with Disabilities Act (sometimes "ADA"), 42 U.S.C. §§ 12101 et seq. and (2) Failure to accommodate in violation of the Americans with Disabilities Act (sometimes "ADA"), 42 U.S.C. §§ 12101 et seq.

4.     This court has personal jurisdiction over Defendant LOMA LINDA whose principal place of business is 11175 Campus Street, Suite 11006 in the City of Loma Linda, County of San Bernardino, and State of California. This court and the California courts would have personal jurisdiction over Defendant LOMA LINDA because it is an entity that has sufficient minimum contacts in California by having its principal place of business in California and purposely availed itself of the benefits and protections of California so as to render the exercise of jurisdiction over Defendant LOMA LINDA by the California courts consistent with traditional notions of fair play and substantial justice.

**Doe Allegations.**

5.     Plaintiff does not presently know the true names and capacities of defendants named as Doe 1 through Doe 50, inclusive.  Plaintiff will amend this complaint, setting forth the true names and capacities of these fictitious defendants, when they are ascertained.  Plaintiff is informed and believes and, on that basis, alleges that each of the fictitious defendants has participated in the acts alleged in this complaint to have been done by the named defendants.

**Vicarious Liability.**

6.     Unless otherwise indicated, each defendant herein sued, including each of those sued as a DOE Defendant, is the agent, co-conspirator, joint venturer, integrated enterprise, partner,

and/or employee of every other defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, integrated enterprise, partnership, and/or employment, with the knowledge and/or consent of co-defendants, and each of them.   Plaintiff is informed and believes and thereon alleges that each defendant has authorized and/or ratified the wrongful activities of each of the remaining defendants.

7.    The corporate defendant's conduct, and that conduct by each of the Doe Defendants, was undertaken by its officers, managing agents and other persons responsible for supervision of employees and for the drafting and implementation of policies and other managerial decisions.  The conduct of the officers, managing agents, and other individuals was on behalf of the corporate defendant.  Further, the corporate defendant had advance knowledge of such conduct of said individuals whose actions and conduct were ratified, authorized, approved and/or known by the corporate defendant's officers and managing agents.

## COMMON ALLEGATIONS TO ALL CAUSES OF ACTION

8.    In or around 2007, Plaintiff DURAN began working for LOMA LINDA located in the City of Loma Linda, California. At the time of her termination, DURAN was a Claims Assistant II. Plaintiff's essential job function was to set up new claims, various clerical work, such as, start a workers' compensation file to closing a file, make qualified medical examinations ("QME") doctor appointments, send information to the Board for rating QME reports, retrieve records, file documents and pay bills.

9.    On or about July 2, 2015, Plaintiff, who was pregnant, verbally informed her direct supervisor, Charlotte Lawson ("Lawson"), that she needed to leave early to attend a meeting at her son's school. Ms. Lawson verbally approved her request to leave early and Plaintiff attended her son's orientation meeting. After returning to work, Plaintiff's manager, Kimberly Kinney ("Kinney") confronted Plaintiff about leaving work early to which Plaintiff explained that she received approval from Ms. Lawson and provided Ms. Kinney with a note from her

son's school confirming her attendance at the orientation meeting. Despite having approval to leave early, Ms. Kinney scheduled a *write up* meeting for July 25. 2015.

10.   On or about July 25, 2015, the day of the *write up* meeting, Plaintiff began to bleed and immediately contacted her doctor who indicated that Plaintiff could be seen if she arrived at the doctor's office before 11:00 A.M. Plaintiff sent an email to both Ms. Kinney and Ms. Lawson informing them she had a medical emergency and needed to go to her doctor's office before 11:00 A.M. Ms. Kinney accused Plaintiff of making up an excuse to avoid the scheduled *write up* meeting and demanded that Plaintiff attend the meeting. Despite repeated requests for permission to seek medical attention, Ms. Kinney conducted the meeting telling Plaintiff that if she left, she would be subject to further write up. Plaintiff was written up for the events of July 2, 2015 and received a one-week suspension. Plaintiff ultimately had a miscarriage.

11.   In or around 2016, Plaintiff filed a worker's compensation claim for an injury suffered at work. A deposition in that matter was scheduled to take place in the office where Plaintiff worked. It was the practice of the employer that employees remain on the clock during such depositions.  In keeping with the common practice, Plaintiff did not clock out for the deposition. However, Ms. Kinney wrote Plaintiff up for not clocking out and issued Plaintiff a three-day suspension without pay.

12.   On or around March 7, 2018, Plaintiff was placed on pregnancy leave by her doctor for the period of March 8, 2018 to June 10, 2018. On or around May 30, 2018, Plaintiff sent an email to Ms. Lawson that her post-partum appointment to be released back to work was scheduled for June 6, 2018 but that she wanted to take her six week baby bonding leave time after June 6, 2018 and would not return back to work until mid-July.

13.   On or around June 6, 2018, Plaintiff sent an email to Jill Whitlock ("Whitlock"), Employee Relations – Leave Representative, with a Return to Work Order from her doctor. On or around June 8, 2018. Plaintiff received the "Notice of Leave of Absence Approval for Care for Newborn" from Employer approving leave for the period of June 4, 2018 to July 15, 2018.

14.   On or around July 10, 2018, Plaintiff emailed Ms. Lawson to advise that she would not be at work on July 16, 2018 because she was scheduled for surgery on July 12, 2018. Plaintiff further advised that her doctor expected her to be out until August 23, 2018.

15.   On or around July 13, 2018, Plaintiff sent an email to Ms. Whitlock with an off-work order from her doctor indicating an anticipated return to work date of August 23. 2018.

16.   On or around July 16, 2018, Plaintiff received a "Job Accommodation SDI Notification Letter" from Employer which acknowledged receipt of Plaintiff's off-work order and advising that Plaintiff's job may not be available upon her return.

17.   On or around August 20, 2018, Plaintiff sent an email to Ms. Whitlock and Donna Phillips ("Phillips"), Senior Leaves and Accommodation Specialist, informing them that she would return to work on August 24, 2018 and inquired as to whether her position was available. Ms. Phillips responded by requesting a doctor's note releasing Plaintiff to return to work with or without restrictions.

18.   On or around August 21, 2018. Plaintiff provided Ms. Phillips with her return to work order and Ms. Phillips responded by stating that Plaintiff had lost her position and had thirty days to find another available position with Employer that Plaintiff was qualified for. If Plaintiff did not secure another position within thirty days, Plaintiff's employment would be terminated. During those thirty days, Plaintiff applied for eight positions and was not accepted for any.

19.   At no time did Ms. Phillips or anyone else from LOMA LINDA meet with Plaintiff to help Plaintiff identify open positions that she was qualified for.

20.   On or around October 2, 2018, Plaintiff's employment with Loma Linda University Shared Services was terminated.

21.   As a result of Defendants' actions, Plaintiff has suffered, and continues to suffer, damages in the form of lost wages and employment benefits. Plaintiff struggles to meet everyday expenses. As a result of the financial losses and the loss of her employment, Plaintiff has suffered and continues to suffer emotional stress, including but not limited to, stress-related to finance, depression, loss of sleep, and anxiety.

22.   Plaintiff has exhausted her state and federal administrative remedies by timely filing an administrative complaint within 300 days of the wrongful act with the Department of Fair Employment & Housing ("DFEH") and receiving a Notice of Case Closure and Right to Sue letter from the DFEH, copies which are attached hereto as **Exhibit 1** and filing this complaint within 90 days of receipt thereof.

## FIRST CAUSE OF ACTION

**(Violation of Title I of the Americans with Disabilities Act ("ADA") 42 U.S.C. 12101 et seq. – Disability Discrimination - against defendant LOMA LINDA and Does 1-50)**

23.   Plaintiff hereby incorporate each of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

24.   Under the ADA, the term "disability" means that an individual has: (1) a physical or mental impairment that substantially limits one or more "major life activities"; (2) a record of such impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(1). Further, the ADA defines "major life activities" as including, but not limited to: "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).  As set forth more fully above, Plaintiff, at all relevant times, was "disabled" and/or regarded as disabled" under the ADA as her surgery caused a "substantial limitation" on a "major life activity;" namely caring for herself, standing, bending and lifting anything heavy.

25.   The ADA defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The United States Equal Employment Opportunity Commission ("EEOC") regulations provide that the essential functions are the "fundamental job duties" of a position, rather than the position's "marginal functions," and that courts should examine several factors to determine essential functions. [1] 29 C.F.R. § 1630.2(n)(1)-(3).

26.   As set forth more fully above, Plaintiff was qualified to do her job and many other jobs (including the essential functions of those jobs) at Defendant LOMA LINDA with or without a reasonable accommodation.  When Plaintiff DURAN asked Defendant LOMA LINDA to return to work, Plaintiff DURAN could have returned to her original position as a Claims Assistant II or a similar position.

27.   As set forth more fully above, shortly after Plaintiff DURAN's attempt to return to work and continuing on for the next 30 days, Defendant LOMA LINDA refused to provide a timely, good faith, interactive process, and discriminated against her, refused to find and give her open positions and refused to rehire her all "on the basis of" (under the "but for" test) Plaintiff DURAN's disability, and/or perceived disability. Plaintiff DURAN's allegation that Defendant LOMA LINDA's illegal actions and omissions were on the basis of ("but for") his disability/perceived disability is not only based upon the close temporal proximity, but also the numerous factual circumstances and context of Defendant LOMA LINDA's illegal acts and omissions.

28.   As a result of the unlawful conduct of the Defendants, and each of them, Plaintiff has suffered, and continues to suffer, general and special damages, including emotional distress.

29.   As a direct result of the wrongful conduct by Defendants, and each of them, as alleged herein, Plaintiff has incurred and continues to incur attorney's fees and costs to maintain this action and is, therefore, entitled to recover reasonable attorney's fees and costs of suit, pursuant to 42 U.S.C.S. §§12117, 2000e-5(k), 12205.

## SECOND CAUSE OF ACTION

**(Failure to Accommodate in Violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. 12101 et seq. against defendant LOMA LINDA and Does 1-50)**

30.   Plaintiff hereby incorporate each of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

31.   Plaintiff is informed and believes, and thereon alleges, that Defendants LOMA LINDA and DOES 1-50, and each of them, at the time of the wrongful conduct against

Plaintiff described herein, knew that it was an "unlawful employment practice" under Title I of the Americans with Disabilities Act of 1990, against the law and a disregard of Plaintiff's rights "for an employer or other entity covered by this part to fail to provide reasonable accommodation for qualified individuals who are employees…unless to do so would cause undue hardship."

32.  Plaintiff is informed and believes, and thereon alleges, that Defendants LOMA LINDA and DOES 1-50, and each of them, at the time of the wrongful conduct against Plaintiff described herein, knew or should have known, that under the Americans with Disabilities Act, 29 C.F.R. section 1630.10, and relevant case law, employers, who are aware of an employee's disability or at least perceive a disability, have an "affirmative duty" to make "reasonable accommodations" for that employee which include, but are not limited to making existing facilities accessible, job restructuring, offering part-time or modified work schedules, reassignment to a vacant position, adjusting or modifying policies [including leave policies], and other similar accommodations for individuals with disabilities.

33.  Defendants LOMA LINDA, and DOES 1-50, and each of them, violated the Americans with Disabilities Act by failing to provide a reasonable accommodation for DURAN'S disability and/or perceived disability. In fact, Defendants LOMA LINDA, and DOES 1-50, and each of them, refused to accommodate DURAN'S disability, including a leave for medical treatment, and denying her a job when she was able to return to work. Instead LOMA LINDA responded by stating that Plaintiff DURAN's position had been replaced so she had 30 days to find another position within one of the Defendant LOMA LINDA's entities and if she did not secure another position, she would be terminated. Plaintiff DURAN applied for various positions at Defendant LOMA LINDA's entities and did not get accepted for any, because, on information and belief, she was not given priority for any positions offered in violation of the law.

34.  As a result of the unlawful conduct of the Defendants, and each of them, Plaintiff has suffered, and continues to suffer, general and special damages.

35.   As a direct result of the wrongful conduct by Defendants, and each of them, as alleged herein, Plaintiff has incurred and continues to incur attorney's fees and costs to maintain this action and is, therefore, entitled to recover reasonable attorney's fees and costs of suit, pursuant to 42 U.S.C.S. §§12117, 2000e-5(k), 12205.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and each of them, pray for judgment against Defendant and Does 1-50, and each of them, as follows:

**As to All Causes of Action:**

1.   For general and special damages arising out of the violation of ADA, which amount necessarily includes lost wages, lost benefits, and emotional distress in such amount to be subject to proof at the time of trial;

2.   For prejudgment interest at the legal rate;

3.   Attorney's fees;

4.   For costs of suit herein; and

5.   For such other and further relief as the court may deem proper.

Dated:  August 6, 2019

PEDERSEN LAW
A PROFESSIONAL CORPORATION


By: /s/ Neil Pedersen
Neil Pedersen
Jamie Gottschalk-Hall
Attorneys for Plaintiff JUANA DURAN

COMPLAINT - 9

1
2

## **DEMAND FOR JURY TRIAL**

3        Plaintiff, JUANA DURAN hereby respectfully demands a trial by jury for all so triable

4  issues in the above–titled action.

5
6
7  Dated: August 6, 2019                        **PEDERSEN LAW**
                                                **A PROFESSIONAL CORPORATION**
8
9
10                                      By: /s/ *Neil Pedersen*_____
                                             Neil Pedersen
11                                           Jamie Gottschalk-Hall
                                             Attorneys for Plaintiff JUANA DURAN
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27